IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard Bruce Barncord, Jr.,

    Plaintiff,

    v.                                  Case No. 2:16-cv-389

Commissioner of
Social Security,

    Defendant.

ORDER

Plaintiff Richard Bruce Barncord, Jr., brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. In his March 9, 2015, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of coronary artery disease, status post stent implantation; congestive heart failure; ischemic cardiomyopathy status post defibrillator implantation; lumbar spine spondylosis; obesity; anxiety disorder; affective disorder, and somatoform disorder. PAGEID 56. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the additional restrictions that

> the claimant must be afforded the opportunity to alternate between sitting and standing positions for up to two minutes at a time at fifteen minute intervals without going off task; may occasionally climb ramps or stairs but never climb ladders, ropes or scaffolds; may occasionally balance and stoop but never kneel, crouch or crawl; should avoid all exposure to extreme cold and heat, and avoid concentrated exposure to wetness, humidity, irritants such as fumes, odors, dust, poorly ventilated areas and chemicals; and is limited to simple, routine and repetitive tasks, requiring only simple

> decisions, with no[] fast-paced production requirements
> and few workplace changes; and should have no interaction
> with the general public and only occasional interaction
> with co-workers and supervisors.

PAGEID 59. Upon consideration of plaintiff's RFC and the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform, and that plaintiff is not disabled. PAGEID 63-64.

This matter is before the court for consideration of plaintiff's July 14, 2017, objections to the June 30, 2017, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence,

2

however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. ALJ's Consideration of Opinion Evidence

Plaintiff objects to the findings of the magistrate judge that the ALJ did not err in failing to give controlling weight to the opinions of plaintiff's treating cardiologist, Dr. John Wurtzbacher, and in giving significant weight to the findings of the state agency medical consultants, Linda Hall, M.D. and Matthew Lehv, M.D.

The court agrees with the conclusion of the magistrate judge that the ALJ complied with the requirements for consideration of the opinions of Dr. Wurtzbacher, a treating physician. Under SSR 96-2p, 1996 WL 374188 (July 2, 1996), treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); SSR 96-2p, 1996 WL 374188 at *2-3. The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment

3

relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, a formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010).

The ALJ's explanation as to why he discounted Dr. Wurtzbacher's opinions was sufficient to satisfy the good-reasons requirement. The ALJ considered a cardiac impairment questionnaire completed by Dr. Wurtzbacher following plaintiff's office visit on January 14, 2013. *See* PAGEID 62, citing Exhibit B6F. In that evaluation, Dr. Wurtzbacher indicated that plaintiff could sit for eight hours and stand or walk for one hour in an eight-hour day, that he could lift or carry up to ten pounds occasionally, and that he should not push, pull, kneel, bend or stoop. PAGEID 421-423. He opined that plaintiff's symptoms were precipitated by walking two hundred or more feet. PAGEID 420. Dr. Wurtzbacher stated that plaintiff would likely be absent from work less than one day per month, and that although his symptoms would interfere with his attention and concentration periodically, he was capable of a low stress job. PAGEID 422.

In many respects, these limitations were incorporated into the RFC, which placed plaintiff in the sedentary work level, with additional physical restrictions. Sedentary work is defined as work involving lifting no more than ten pounds at a time and occasionally lifting or carrying light-weight articles. 20 C.F.R. §220.132. By its nature, such a position is primarily performed in

4

a seated position and entails no significant stooping. SSR 83-10, 1983 WL 31251, *5 (1983). Jobs are sedentary if walking and standing are required occasionally, that is, no more than two hours of standing or walking in an eight-hour workday. *Id.* The RFC provided that plaintiff could occasionally climb ramps or stairs and balance and stoop, but could never climb ladders, ropes, or scaffolds, and could never kneel, crouch or crawl. PAGEID 59. The RFC also limited plaintiff to low-stress jobs involving simple, routine and repetitive tasks requiring only simple decisions, with no fast-paced production requirements and few changes, no interaction with the general public, and only occasional interaction with co-workers and supervisors. PAGEID 59.

Dr. Wurtzbacher also submitted letters dated January 12, 2015, *see* Exhibit B13F, and February 9, 2015, *see* Exhibit B18F, in which he described plaintiff's history of coronary procedures and expressed the opinion that plaintiff would qualify for disability. Although noting that the decision of whether plaintiff met the criteria for consideration for social security disability is an issue reserved to the Commissioner, the ALJ gave Dr. Wurtzbacher's opinion "consideration as the opinion of a treating source." PAGEID 62. The ALJ gave Dr. Wurtzbacher's assessments "little weight as the evidence, including Dr. Wurtzbacher's own treatment records, shows little objective limitation when the claimant is compliant with medication." PAGEID 62.

The ALJ's reasoning for giving little weight to Dr. Wurtzbacher's opinions can also be gleaned from his discussion of plaintiff's medical records. The ALJ noted that: plaintiff, who was born in 1972, had a heart attack at a young age and again in 2012, and continues to experience angina; plaintiff was

5

successfully treated with angioplasty and stents in 2012; plaintiff had additional elective angioplasty in 2013, after which he was noted as having no chest pain or shortness of breath; in October, 2013, plaintiff went to the emergency room with complaints of chest pain, where he reported that, after being told by Dr. Wurtzbacher two months before that everything was okay, he stopped taking his medication because he felt good; and plaintiff was implanted with a defibrillator, with no problems being noted with this device at checkups in February and August of 2014. PAGEID 61.

In concluding that the ALJ reasonably found that the limitations assessed by Dr. Wurtzbacher were not supported by his own treatment notes, the magistrate judge cited treatment notes from Dr. Wurtzbacher which indicated that plaintiff's heart problems were successfully treated with angioplasty and the defibrillator, and that Dr. Wurtzbacher consistently reported that plaintiff was doing well. *See* Doc. 11, p. 11. The magistrate judge further observed that Dr. Lehv, a state agency consultant, also found that Dr. Wurtzbacher's opinions should be given little weight because they were not fully consistent with the objective medical evidence. *See* Doc. 11, p. 13; Exhibit B8A, PAGEID 230.

The magistrate judge also correctly determined that the ALJ did not err in assigning significant weight to the findings of the state agency consultants, Drs. Hall and Lehv. Although the opinions of a treating source are generally entitled to more weight than the opinion of a non-examining source such as state agency consultants, *Gayheart*, 710 F.3d at 375, this is not a *per se* rule. *See Norris v. Comm'r of Soc. Sec.*, 461 F.App'x 433, 438-40 (6th Cir. 2012); SSR 96-6p, 1996 WL 374180 at *3 (July 2, 1996).

6

Further, an ALJ can rely on a non-examining source who did not have the opportunity to review later medical records, as long as there is some indication in the decision that the ALJ considered the new evidence before giving weight to an opinion that is not based on a review of a complete case record. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

Here, the ALJ concluded that although the state agency physicians did not examine plaintiff, "their familiarity with the record evidence and expertise in this agency's disability program lends their consistent conclusions credibility." PAGEID 62. The ALJ also stated, "Although I have received additional evidence since the consultants offered their opinions, objectively there is little evidence of any reduction in functioning." PAGEID 62. The ALJ provided sufficient reasons for the weight assigned to the opinions of the state agency consultants.

B. ALJ's Credibility Determinations

Plaintiff also objects to the ALJ's decision to discount plaintiff's credibility due to plaintiff's noncompliance with the treatment recommendations of his physicians, including plaintiff's failure to take his medications and to quit smoking. At the time of the ALJ's decision, SSR 96-7p, 1996 WL 374186 (July 2, 1996), governed the ALJ's analysis of the credibility of the claimant's statements concerning his or her symptoms. That ruling was later superseded by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), which eliminated the use of the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029 at *1. The new ruling directs the ALJ to look at whether the claimant's statements about the intensity, persistence and limiting effects of

7

symptoms are consistent with the objective medical evidence and other evidence of record. *Id.*, 2016 WL 1119029 at *7. The Sixth Circuit has not decided whether the new ruling can be applied retroactively. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119, n. 1 (6th Cir. 2016). The magistrate judge did not reach this issue, as she concluded that the ALJ did not err under either ruling. This court agrees.

Both rulings permit the ALJ to consider evidence showing that the claimant is not following the prescribed treatment in weighing the claimant's claims of allegedly disabling symptoms. SSR 96-7p states that "the individual's statements may be less credible ... if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186 at *7. The new ruling states that "if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." SSR 16-3p, 2016 WL 1119029 at *8. The ALJ found that "[t]he objective medical evidence and the claimant's subjective reports throughout the medical records are not consistent with his extreme allegations made in this case." PAGEID 61. The ALJ further stated that plaintiff "has demonstrated little concern for his health condition as demonstrated by his continued smoking and lack of compliance." PAGEID 62.

In support of his conclusion that plaintiff was not compliant in taking his medications, the ALJ noted that when plaintiff was admitted to the hospital in December, 2012, he admitted that he had not been taking his medications. PAGEID 61, citing Exhibit B3F.

8

He also observed that when plaintiff went to the emergency room complaining of chest pain in October, 2013, he admitted he had not taken his medication for weeks beforehand and stated that he "felt good." PAGEID 61, citing Exhibit B15F.

Plaintiff contends that the ALJ's reliance on these reports was erroneous because plaintiff was unable to afford his medication due to lack of insurance. The records of the December, 2012, hospitalization include a statement by plaintiff that stopped taking his medications when he lost his insurance . *See* Exhibit B3F, p. 3, PAGEID 368. However, there is no evidence as to the cost of his medications, and plaintiff did not state that he otherwise lacked the funds to purchase his medications. Dr. Wurtzbacher's treatment note of January 14, 2013, explained that plaintiff had lost his insurance, but that they were going forward with angioplasty and stenting, and would try to get some extension of the insurance. Exhibit B4F, PAGEID 508. The ALJ referred to these exhibits in his decision, *see* PAGEID 61, and presumably was aware of this evidence.

Even assuming that the ALJ erred in considering plaintiff's failure to take his medications in December of 2012, this was not prejudicial, as the ALJ also relied on plaintiff's failure to take his medication in October, 2013. There is no evidence that plaintiff's cessation of his medication in 2013 was due to a lack of funds or insurance; rather, plaintiff stated that he "felt good." *See* Exhibit B16F at 42, cited by the ALJ at PAGEID 61. The hospital questionnaire dated October 2, 2013, indicated that plaintiff expressed no financial concerns about this hospitalization. PAGEID 719. At the hearing on February 3, 2015,

9

plaintiff testified that he had a medical card for doctors' visits and prescriptions. *See* PAGEID 83. He did not testify that he was unable to afford prescription medication during the period of alleged disability. Because plaintiff was represented by counsel at the hearing, the ALJ had no special duty to inquire further into this matter. *See Culp v. Comm'r of Soc. Sec.*, 529 F.App'x 750, 751 (6th Cir. 2013).

The ALJ was also entitled to consider plaintiff's failure to heed the advice of his doctors to quit smoking. *See Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988)(claimant's failure to stop smoking was inconsistent with his allegations of disabling pain and limitation). As the ALJ indicated, plaintiff's December, 2012, hospital records state that "[t]his patient has been strongly urged to stop smoking. He does not think that he needs smoking cessation aids." PAGEID 61, 368. The ALJ stated that as of October, 2013, plaintiff continued to smoke, and "[m]ultiple healthcare providers have advised that if the claimant continues to smoke and refuse[s] to comply with treatment, he quite likely will die relative young." PAGEID 61, citing Exhibit B15F. Plaintiff acknowledged at the hearing that he had been told by his doctors to stop smoking because of his health conditions. PAGEID 82.

The ALJ did not err in considering plaintiff's failure to comply with his doctors' treatment recommendations, and his reasons for doing so are adequately outlined in his decision.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial

evidence.  The court overrules the plaintiff's objections (Doc. 12), and adopts and affirms the magistrate judge's report and recommendation (Doc. 11).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

    It is so ordered.


Date: September 19, 2017                  s/James L. Graham
                                            James L. Graham
                                            United States District Judge